[ * 337 ]

## * COMMONWEALTH *versus* HORATIO RICHARDS.

An indictment for larceny, alleging that the defendant stole "*a bank-note, of the value of ——, of the goods and chattels of ——*," is sufficient, without a more particular description of the note.

THIS was an indictment which came into this Court by an appeal from a judgment rendered in the municipal Court for the town of *Boston*. On the plea of not guilty, the defendant had been convicted by the verdict of a jury in both the courts. The charge was for stealing from the person of *A. B.* "one bank-note, of the value of ten dollars, of the goods and chattels of the said *A. B.*"

*Selfridge*, for the defendant, now moved in arrest of judgment, and assigned as reasons—*First*, that the bank-bill of ten dollars mentioned in the indictment is insufficiently described; it not appearing to have been issued by any bank authorized to issue bills; or that it contained any promise *by any person* to pay the sum of ten dol

lars; or that it contained such promise to pay that sum *to any person*; or that it was signed by the president of any bank; or countersigned by the cashier of any bank. *Secondly*, that from the uncertainty in the description of the bill alleged to have been stolen, and for want of a specification, the prisoner is unable to defend himself. And *thirdly*, because a conviction in this case would be no bar to another prosecution for the same offence.

This is a statute offence; and the words of the statute are not followed. The act of March 15th, 1785, (*stat.* 1784, *c.* 66, § 1,) for punishing larcenies, provides that any person who shall feloniously steal "any *note* or certificate *of any bank* or any public office *securing the payment of money to any person* or certifying the same is due, shall be punished, &c." The indictment ought to have alleged, so much at least as, that it was *a note issued by a bank, securing the payment of ten dollars to some person*; for want of which it does not appear to be a bank-note within the statute.

*The *Attorney-General*, (*Sullivan*,) for the prosecution, [ * **338** ] insisted that it was not necessary to be more particular in the description; that it might as well be contended that an indictment for stealing a horse must describe the *color* of the horse; or must *particularly* describe a watch or other things; that it must say a *hat* stolen was *black* or *white, square* or *round*. That it was impossible in nineteen out of twenty cases, which occurred, to determine what were the particular bills stolen; and therefore a particular description could not be given. If a particular description were required to be given, it must be proved; and it might as well be said that all thieves should go clear when they stole bank-notes. He cited 2 *Leach*, 798, *Rex* vs. *Deene*, and 1 *Leach*, 210, *Rex* vs. ————.

*Parsons*, in reply. This is not a felony at common law, but is made so by statute; the description, therefore, must comport, substantially, with the statute. Nothing in an indictment is to be taken by intendment. General descriptions are allowed; but as particular a description as the nature of the thing will admit is always required. It is not insisted that it was necessary to set out the *date* of the note, nor what particular bank issued the note; but to bring the case within the statute, the indictment ought to have alleged that it was issued by a bank duly incorporated by the laws of this state, or of the *United States*; or, perhaps, of some one of the other states; it ought to have shown the sum for which it issued, and that it was to secure the payment of ten dollars to some person; (perhaps *to a person unknown would have been sufficient*;) or that it was evidence of the sum of ten dollars being due from such bank

to the bearer: all this might have been alleged and proved without subjecting the government or the prosecutors to any difficulties.

[ * 339 ]    The *first* case cited by the *Attorney-General* * does not apply.    That was an indictment for forgery, in which there is no doubt that a more precise and particular description is necessary than in larceny.    As to the *second* case, no question is made as to the *form* of the indictment, nor does it appear, by the report of the case, in what *terms* the indictment was couched ; the only point was, whether *bank-notes* were within the meaning of the statute of *Anne*, which makes it felony to steal goods, chattels, &c from the dwelling-house.

All that is now contended for is, that there should be such a description as *every* case of this kind admits, and without which a defendant never can know to what he is to answer.

THACHER, J., said he thought the description was sufficient, and therefore that the judgment ought not to be arrested.

SEDGWICK, J. *Three* reasons are stated in the motion in arrest of judgment.    The *two last* are reasons why the *first* should prevail.    There is no doubt that the law requires a description according to the statute.    It is not objected that the *crime itself* is not charged technically, nor that it is not the crime alleged in the statute ; but the objection is that the *subject* of it is not sufficiently described.    I think otherwise, and that the intention of the act was to make all evidences of debt (choses in action) subjects of larceny.    And therefore, if a note of a bank in *England*, or any other country, should be stolen *here*, it would be within the statute.    The indictment alleges that the defendant stole a bank-note, of the value of ten dollars, of the goods, chattels, &c.    This is a sufficient allegation of property and value, and, in my opinion, as particular a description as the law requires ; if a more particular description were, by law, necessary, it would be extremely difficult, and in most cases impossible, to convict ; because ordinarily a person

[ * 340 ]    cannot testify as to the bank which issued * the note ; he can testify to nothing more than the amount.    As to the bar, a plea with an averment would undoubtedly be sufficient.

STRONG, J.    None of the reasons, which have been offered in this case in objection to the indictment, apply ; they are applicable in cases of forgery only.    The offence stated is not an offence at common law ; it is created by statute ; and it would defeat the intention of the statute if the objections were suffered to prevail ; if the particular description contended for were requisite.    A person generally knows no more than the amount of bank-notes which he may be in possession of, and that they are of banks whose credit is

good, and to which there is no particular objection.    The question, with me, has been whether the indictment ought not to have averred that the note was for the payment of money ; and the first impression on my mind was, that the indictment, for want of *that* averment, was bad, and therefore that the judgment must be arrested.    But upon looking into authorities, though I do not find any *directly* in point, and attending to the subject, I am inclined to think it 's sufficient.    Had the indictment stated a *note,* without any thing more, it would have been insufficient ; because a *note* may mean other things than a note for the payment of money.    But a *bank-note* always means a note for the payment of money ; and it makes no difference whether a bank be incorporated or not ; the statutes make no difference, nor was any intended.

DANA, C. J., concurred, on the ground that a *bank-note* was by *necessary implication* to be intended a note for the payment of money.

*Judgment not arrested.*